UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20470-CR-LENARD

Sealed

MAGISTRATE JUDGE
O'SULLIVAN

18 U.S.C. § 1956(h)
31 U.S.C. § 5332(a)
21 U.S.C. § 853
31 U.S.C. § 5317(c)(1)
31 U.S.C. § 5332(b)(2)

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON,
ARTEMIO LOPEZ TARDON,
FABIANI KRENTZ,
DAVID WILLIAM POLLACK,
    a/k/a "Maverick," and
VINCENTE ORLANDO CARDELLE,
    a/k/a "Padrino,"
                             Defendants.
_____/


FILED by ___ D.C.
JUL 12 2011
STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or around 2001, and continuing until the return of this Indictment, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

ALVARO LOPEZ TARDON,
ARTEMIO LOPEZ TARDON,
FABIANI KRENTZ, and
DAVID WILLIAM POLLACK,
a/k/a "Maverick,"

did knowingly combine, conspire, confederate, and agree with each other and other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, that is,

    1.    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing that the transaction was designed in whole and in part to:

    (a)    to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    (b)    to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

    2.    to transport, transmit and transfer funds to a place in the United States from a place outside the United States, knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission and transfer was designed in whole and in part to:

    (a)    conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

    (b)    to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii);

    3.    to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value

greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale or distribution of a controlled substance, punishable under the laws of the United States, Spain and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2

On or about April 12, 2011, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, the defendant,

**VINCENTE ORLANDO CARDELLE,**
**a/k/a "Padrino,"**

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than ten thousand dollars ($10,000) in foreign currency, that is, twenty-one thousand six hundred five (21,605) Euros, on his person and in any conveyance, and did attempt to transport such foreign currency from a place within the United States to a place outside of the United States, in violation of Title 31, United States Code, Section 5332(a) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ALVARO LOPEZ TARDON, ARTEMIO LOPEZ TARDON, FABIANI KRENTZ, DAVID WILLIAM POLLACK, a/k/a "Maverick,"** and **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino"** have an interest.

3

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in Count 1 of this Indictment, the defendant so convicted shall forfeit all of his right, title and interest to the United States, in any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to Title 18, United States Code, 982(a)(1).

3. The property which is subject to forfeiture upon conviction of a violation of Title 18, United States Code, Section 1956 includes, but is not limited to, the following:

(a) <u>Forfeiture Money Judgment</u>: Approximately $26,443,771 in United States currency, which is a sum of money equal in value to the property involved in the violation alleged in this Indictment, which the United States will seek as a personal money judgment against **ALVARO LOPEZ TARDON, ARTEMIO LOPEZ TARDON, FABIANI KRENTZ** and **DAVID WILLIAM POLLACK, a/k/a "Maverick"** as part of their respective sentence upon conviction.

(b) <u>Automobiles</u>:

(1) One 2008 Bugatti Veyron (Vehicle Identification Number: VF9SA25C08M795118);

(2) One 2003 Ferrari Enzo (Vehicle Identification Number: ZFFCW56A830133927);

(3) One 2010 Rolls-Royce Ghost (Vehicle Identification Number: SCA664S50AUX48905);

(4) One 2006 Mercedes-Benz SLR McLaren (Vehicle Identification Number: WDDAJ76F06M000724);

(5) One 2009 Mercedes-Benz Maybach 57S (Vehicle Identification Number: WDBVF79J89A002576);

(6) One 2011 Mercedez-Benz G-Class (Vehicle Identification Number:

WDCYC7BF8BX190896);

    (7) One 2010 Mercedes-Benz G55K (Vehicle Identification Number: WDCYC7BF8AX183252);

    (8) One 2005 Bentley Continental GT (Vehicle Identification Number: SCBCR63WX5C029083);

    (9) One 2006 Mercedes-Benz E350 (Vehicle Identification Number: WDBUF56J06A806452);

    (10) One 2008 Mercedes-Benz S550 (Vehicle Identification Number: WDDNG86X78A201264);

    (11) One 2005 Aston Martin DB9 (Vehicle Identification Number: SCFAD02AX5GB03279);

    (12) One 2006 BMW 325i (Vehicle Identification Number: WBAVB13546PT02739);

    (13) One 2003 Hummer H2 (Vehicle Identification Number: 5GRGN23U33H139831);

    (14) One 1999 Toyota Camry (Vehicle Identification Number: 4T1BG22K5XU525875);

    (15) One 2010 Mercedes-Benz S63 (Vehicle Identification Number: WDDNG7HB9AA289039);

    (16) One 2011 Mercedes-Benz G55AMG (Vehicle Identification Number: WDCYC7BF9BX186582);

    (17) One 2010 Land Rover Range Rover (Vehicle Identification Number: SALMF1E48AA327736); and

(c) <u>Real Property</u>:

(1) Real property known and numbered as 2475 S. Bayshore Drive, Villa 3, Coconut Grove, FL 33133, with all appurtenances, improvements and attachments thereon;

(2) Real property known and numbered as 100 S Pointe Drive, #3801, Miami Beach, FL 33139, with all appurtenances, improvements and attachments thereon;

(3) Real property known and numbered as 1155 Brickell Bay Drive, #202, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(4) Real property known and numbered as 1155 Brickell Bay Drive, #302, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(5) Real property known and numbered as 1155 Brickell Bay Drive, #502, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(6) Real property known and numbered as 1155 Brickell Bay Drive, #2703, Miami, FL 33131, with all appurtenances, improvements and attachments thereon;

(7) Real property known and numbered as 325 S. Biscayne Blvd., #621, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(8) Real property known and numbered as 325 S. Biscayne Blvd., #715, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(9) Real property known and numbered as 325 S. Biscayne Blvd., #819, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(10) Real property known and numbered as 335 S. Biscayne Blvd., #307, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(11) Real property known and numbered as 335 S. Biscayne Blvd., #607, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(12)     Real property known and numbered as 335 S. Biscayne Blvd., #705, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(13)     Real property known and numbered as 335 S. Biscayne Blvd., #707, Miami, FL 33130, with all appurtenances, improvements and attachments thereon;

(14)     Real property known and numbered as 107 Oscelake Way, Hendersonville, NC, with all appurtenances, improvements and attachments thereon;

(15)     Real property known and numbered as 1000 S Pointe Dr., Unit #908, Miami Beach, Florida 33139, with all appurtenances, improvements and attachments thereon.

(d)     Bank Accounts:

(1)     All principal, deposits, interest, dividends and other amounts credited to account number 229020347922 at Bank of America in the name of Alvaro Lopez Tardon;

(2)     All principal, deposits, interest, dividends and other amounts credited to account number 3760689920 at Bank of America in the name of Alvaro Tardon, Artemio Lopez Tardon, and Maria D. Tardon Lopez;

(3)     All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(4)     All principal, deposits, interest, dividends and other amounts credited to account number 3768372019 at Bank of America in the name of Alvaro Lopez Tardon and Fabiani Krentz;

(5)     All principal, deposits, interest, dividends and other amounts credited to account number 229016239866 at Bank of America in the name of Sharon Cohen, Maria De Las Nieves Tardon Lopez;

(6)     All principal, deposits, interest, dividends and other amounts credited to account number 229015785133 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 2, LLC;

(7)     All principal, deposits, interest, dividends and other amounts credited to account number 229015785308 at Bank of America in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(8)     All principal, deposits, interest, dividends and other amounts credited to account number 229020364989 at Bank of America in the name of Alvaro Lopez Tardon;

(9)     All principal, deposits, interest, dividends and other amounts credited to account number 229037949711 at Bank of America in the name of Alvaro Lopez Tardon;

(10)    All principal, deposits, interest, dividends and other amounts credited to account number 8042615305 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAONE 1, LLC;

(11)    All principal, deposits, interest, dividends and other amounts credited to account number 8048296399 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of The Collection Sport of Miami and Sharon Cohen;

(12)    All principal, deposits, interest, dividends and other amounts credited to account number 8053316819 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon;

(13)    All principal, deposits, interest, dividends and other amounts credited to account number 1100002143680 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAMARK LLC;

(14) All principal, deposits, interest, dividends and other amounts credited to account number 80532220225 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank in the name of Alvaro Lopez Tardon and MIAMARK LLC;

(15) All principal, deposits, interest, dividends and other amounts credited to account number 3665399205 at Bank of America in the name of Fabiani Krentz;

(16) All principal, deposits, interest, dividends and other amounts credited to account number 1010151739808 at WellsFargo-Wachovia Bank in the name of Fabiani Krentz and FK Kitchen LLC;

(17) All principal, deposits, interest, dividends and other amounts credited to account number 9117815581 at Citibank in the name of Fabiani Krentz;

(18) All principal, deposits, interest, dividends and other amounts credited to account number 9116917354 at Citibank in the name of Fabiani Krentz;

(19) All principal, deposits, interest, dividends and other amounts credited to account number 8980008255329 at Bank of America in the name of David William Pollack;

(20) All principal, deposits, interest, dividends and other amounts credited to account number 4436777819 at Bank of America in the name of David W. Pollack;

(21) All principal, deposits, interest, dividends and other amounts credited to account number 5499482713 at Bank of America in the name of David W. Pollack;

(22) All principal, deposits, interest, dividends and other amounts credited to account number 5566543857 at Bank of America in the name of David W. Pollack;

(23) All principal, deposits, interest, dividends and other amounts credited to account number 9983716386 at WellsFargo-Wachovia Advisor in the name of David William Pollack;

(24)   All principal, deposits, interest, dividends and other amounts credited to account number 5093-8341 at WellsFargo-Wachovia Advisor in the name of David Pollack;

(25)   All principal, deposits, interest, dividends and other amounts credited to account number 0414-499880 at WellsFargo-Wachovia Advisor in the name of David Pollack;

(26)   All principal, deposits, interest, dividends and other amounts credited to account number 17000071220745 at South Florida Educational Federal Credit Union in the name of David William Pollack; and

4.   Upon conviction of a violation of Title 31, United States Code, Section 5332, as alleged in Count 2 of this Indictment, **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino,"** shall forfeit all of his right, title and interest to the United States in any property, real or personal, involved in such violation and in any property traceable to such property, pursuant to Title 31, United States Code, Section 5332(b)(2).

5.   The property which is subject to forfeiture upon conviction of a violation of Title 31, United States Code, Section 5332 includes, but is not limited to, the following: approximately 10,000 Euros, which was seized from **VINCENTE ORLANDO CARDELLE, a/k/a "Padrino,"** on or about April 12, 2011.

6.   If the property described as being subject to forfeiture in this Indictment, as a result of any act or omission of a defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with a third party;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property described in subparagraphs (a) through (e) of this paragraph and, in addition, to require the defendants to return any such property to the jurisdiction of the Court for seizure and for forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1), Title 31, United States Code, Section 5332(b)(2) and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1) and Title 31, United States Code, Section 5332(b)(3), respectively.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
JUAN ANTONIO GONZALEZ
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON, et al.,

   Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

_X_ Miami     ___ Key West
___ FTL       ___ WPB       ___ FTP

New Defendant(s)          Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)      _X_
   List language and/or dialect     SPANISH

4. This case will take  _20_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I     0 to 5 days     ___
   II    6 to 10 days    ___
   III   11 to 20 days   _X_
   IV    21 to 60 days   ___
   V     61 days and over ___

   (Check only one)

   Petty    ___
   Minor    ___
   Misdem.  ___
   Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No)  _NO_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)    _NO_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes   _X_ No

                                          _____
                                          JUAN A. GONZALEZ, JR.
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Florida Bar No./Court No. 897388

*Penalty Sheet(s) attached                                        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ALVARO LOPEZ TARDON

**Case No:**_____

Count #: 1

  Conspiracy to commit money laundering

  Title 18, United States Code, Section 1956(h)

\* **Max.Penalty**: 20 years imprisonment

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ARTEMIO LOPEZ TARDON

**Case No:** _____

Count #: 1

   Conspiracy to commit money laundering

   Title 18, United States Code, Section 1956(h)

\* **Max.Penalty**: 20 years imprisonment

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** FABIANI KRENTZ

Case No:_____

Count #: 1

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)

* **Max.Penalty**: 20 years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DAVID WILLIAM POLLACK, a/k/a "Maverick"

**Case No:**_____

Count #: 1

　Conspiracy to commit money laundering

　Title 18, United States Code, Section 1956(h)

**\* Max.Penalty**: 20 years imprisonment

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** VICENTE ORLANDO CARDELLE, a/k/a "Padrino"

**Case No:** _____

Count #: 2

  Bulk Cash Smuggling

  Title 31, United States Code, Section 5332(a)

* **Max.Penalty**: 5 years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.