UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20470-CR-LENARD(s)(s)

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON, *et al.*,

                                Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF STIPULATION TO
SELL PROPERTY ALLEGED TO BE SUBJECT TO FORFEITURE**

      The UNITED STATES OF AMERICA (hereinafter referred to as the "United States" or the "Government"), by and through its undersigned Assistant United States Attorney, and ALVARO LOPEZ TARDON (hereinafter referred to as "Defendant Tardon"), by and through Defendant Tardon's undersigned counsel, hereby jointly and respectfully move for the Court's approval of the parties' Stipulation to Sell Property (hereinafter referred to as the "Stipulation"), a copy of which is attached hereto and marked as "**Exhibit A**," and the relief attendant thereto as described herein. The subject of the Stipulation is real property known and numbered as 1155 Brickell Bay Drive, Unit 202, Miami, Florida 33131, and which is specifically identified as being subject to criminal forfeiture upon conviction of Defendant Tardon in the instant action:

> **Condominium Unit 202 of THE MARK ON BRICKELL, A CONDOMINIUM, according to the Declaration thereof, recorded June 22, 2001, under Clerk's File No. 01R-326288 in Official Records Book 19735, Page 4359, of the Public Records of Miami-Dade County, Florida, as amended and/or supplemented from time to time.**

(hereinafter referred to as "Unit No. 202").

1. On May 29, 2012, a federal grand jury sitting in the Southern District of Florida returned a fourteen (14)-count second superseding true bill of indictment (hereinafter referred to as the "Second Superseding Indictment") charging Tardon, *et al.*, with a violation 18 U.S.C. § 1956(h) (Count 1) and violations of 18 U.S.C. § 1957 (Counts 2-14).

2. Additionally, the Second Superseding Indictment alleges that upon conviction of a violation alleged therein, Tardon shall forfeit all of his right, title and interest to the United States of America in any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), to include, among other property, Unit No. 202.

3. The United States recorded its Notice of Lis Pendens regarding Unit No. 202 in the official records of Miami-Dade County, Florida (O.R. Bk. 27755 pgs. 4835 - 4836).

4. The Parties agree that it is in their best interests respectively to sell, or to permit the sale of, Unit No. 202 promptly and to place the net seller proceeds derived from such sale in the custody of the United States Marshal for the Southern District of Florida pending the result of the criminal trial in the instant action or pending further order of the Court.

5. On January 7, 2013, Defendant Tardon, undersigned counsel for Defendant Tardon and the Government entered into the Stipulation wherein the following, among other things, was agreed upon:

   (a) The parties agreed that Defendant Tardon is authorized to cause Unit No. 202 to be listed with an independent agent in order to sell it promptly;

   (b) The parties agreed that Defendant Tardon shall not be related in any way, financially or otherwise, to the listing agent and/or the broker or benefit in any way financially or

otherwise from the listing or sale of Unit No. 202;

(c) The parties agreed that Unit No. 202 may not be sold for less than its current fair market value;

(d) The parties agreed that the maximum total broker's fees allowed for the sale of Unit No. 202 shall be no greater than 6%;

(e) The parties agreed that any mortgages, liens, fees, assessments or other encumbrances that were recorded against Unit No. 202, shall be paid in full upon its closing of title;

(f) The parties agreed that an offer to purchase Unit No. 202 is subject to confirmation by the Court;

(g) The parties agreed that upon closing of title to Unit No. 202, and delivery of the net proceeds of the sale to the Government, the United States shall release its lis pendens regarding Unit No. 202; and

(h) The parties agreed that the net proceeds of the sale shall replace Unit No. 202 in the Forfeiture Allegations of the Second Superseding Indictment through a bill of particulars filed by the Government in this case.

6. Defendant Tardon has entered into a Residential Contract for Sale and Purchase of Unit No. 202 (hereinafter referred to as the "Purchase Contract"), a copy of which is attached hereto and marked as "**Exhibit B**," which lists the purchase price for Unit No. 202 at $300,000 (US) and, by addendum, a copy of which is attached hereto and marked as "**Exhibit C**," sets a closing date for the sale for January 20, 2013.

7. The purchase price for Unit No. 202 is at or near the current fair market value for such real property.

8.      In accordance with the Settlement Statement (or HUD-1), a copy of which is attached hereto and marked as "**Exhibit D**," the net proceeds from the sale of Unit No. 202 is estimated to be $246,414.13 (US).

**WHEREFORE**, the Government and Defendant Tardon, through his undersigned counsel, now jointly and respectfully request the following: (a) the Court's approval of the Stipulation; (b) the Court's authorization for Defendant Tardon to cause the sale of Unit No. 202 in accordance with the Purchase Contract; (c) the Court's instruction that any lien or encumbrance recorded against Unit No. 202 shall be paid upon the closing of its sale on January 20, 2014; (d) the Court's direction that the net proceeds derived from the sale of Unit No. 202 (which is estimated to be $246,414.13 (US)) shall be delivered to the United States by cashier's check made payable to the United States Marshal for the Southern District of Florida pending further order of the Court; and (e) the Court's further direction that the net proceeds derived from the sale of Unit No. 202 shall be alleged to be subject to forfeiture in lieu of Unit No. 202 in the Forfeiture Allegations of the Second Superseding Indictment through a bill of particulars filed by the Government in this case.

A proposed order is submitted herewith.

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:  *s/ Daren Grove*
     Daren Grove (Court No. A5501243)
     Assistant United States Attorney
     E-mail: daren.grove@usdoj.gov
     99 NE 4th Street - 7th Floor
     Miami, Florida 33132-2111
     Telephone: (305) 961-9294
     Facsimile: (305) 536-4089

                          DEFENDANT ALVARO LOPEZ TARDON

By:    s/ *Richard C. Klugh*
           Richard C. Klugh, P.A. (Fla. Bar No. 305294)
           E-mail: klughlaw@gmail.com
           Courthouse Center, Penthouse One
           40 Northwest Third Street
           Miami, Florida 33128
           Telephone: (305) 536-1191
           Facsimile: (305) 536-2170

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

           *s/ Daren Grove*
           Daren Grove
           Assistant United States Attorney