UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20470-Cr-LENARD

UNITED STATES OF AMERICA

vs.

ALVARO LOPEZ TARDON

_____/

## MOTION IN LIMINE TO EXCLUDE SPANISH DISCOVERY MATERIALS

Defendant Alvaro Lopez Tardon, through counsel, moves to exclude from evidence the materials ostensibly derived from the Spanish government. *See* Fed. Rule Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible."). The reliability (and therefore admissibility) of such materials has been called into question based on the July 19, 2013 suppression hearing testimony of Spanish Judge Jose Torres-Prieto.

### Counterfeit Documents Relating to Foreign Investigation

During his testimony on July 19, 2013, Judge Jose Torres-Prieto – the Spanish judge who oversaw the wiretaps that formed the basis of Defendant's motion to suppress – admitted that certain documents provided by the government to Defendant in discovery "bear various modifications, such as the obliteration or removal of the acting unit and also the police seal," leading him to conclude that the documents were

"completely counterfeit" and that, as a result of the "adulteration[s]," he could not acknowledge them as "part of the investigation that [he] led." DE 356 (Transcript of July 19, 2013) at 85-86.

 This admission is significant for two reasons. First, Defendant sought to use the documents in question in support of his motion to suppress. Judge Torres' surprise announcement, for the first time at the hearing, that these critical documents were "counterfeit" was clearly prejudicial to Defendant, who depended upon the reliability and accuracy of the discovery provided to him by the government and its witnesses. Second, this Court's Order properly recognized that, although the Fourth Amendment exclusionary rule does not apply to evidence-gathering operations conducted by foreign governments, there is an exception where the conduct of the foreign officials "shocks the conscience." DE 380 at 16-18. Based upon a finding that the Spanish courts' "wiretap authorizations comport[ed] with Spanish law" and relevant "European Union[ ] regulations," this Court concluded that the wiretaps did not shock the conscience. Yet it appears that the Spanish court's file was corrupted by "counterfeit" documents, documents that were produced by the government to the defense as part of discovery. Under such circumstances there is reason to doubt that the wiretaps authorized by Spanish officials were properly reviewed, supported under Spanish law, and comported with the procedural requirements imposed by Spanish law.

Towards that end, the Second Circuit has explained that "[there are] two circumstances where evidence obtained in a foreign jurisdiction may be excluded[:] [f]irst, where the conduct of foreign officials in acquiring the evidence is so extreme that it shocks the judicial conscience and second, where cooperation with foreign law enforcement officials may implicate constitutional restrictions." *United States v. Getto*, 11-1237-CR, 2013 WL 4779622 at* 3 (2d Cir. Sept. 9, 2013) (quoting *United States v. Lee*, 723 F.3d 134, 140 (2d Cir.2013). The fabrication of law judicial documents to authorize an invasion of privacy such as a wiretap should shock the judicial conscience. *See Lee,* 723 F.3d at 140. The extent of the misconduct or the reach of the taint in the foreign investigation of the defendant is unknown, however Judge Torres' testimony implicates the SNP in creating or adulterating documentation as part of our judicial proceeding.

> That page corresponds to the first page of a copy of a police report whose original may very well be or it could be included, but it carries a series of modifications made afterwards. The subsequent pages bear various modifications, such as the obliteration or removal of the acting unit and also the police seal that is on the upper right corner. And if you move further on, you can find that there have been insertions of a series of documents where once again you can see a seal that actually bears the unit. However, it's completely counterfeit . . .You can clearly see the adulteration if you were to compare it to the first page. There is one detail that gives it away, because the National Police seal is usually placed on top of the identifier for the police unit."

DE 356 (Transcript of July 19, 2013) at 85-86.

Given Judge Torres' testimony, Defendant objects to the admission of any document in which the SNP is in the chain of custody. *See United States v. Elkins*, 885 F.2d 775, 785 (11th Cir. 1989) (explaining that Rule 901(a) authentication is lacking where the integrity of the foreign documents is in question; focusing on whether there is "evidence of adulteration or forgery" and whether there is a "reasonable probability of misidentification"; citing Fed.R.Evid. 901(a) for the proposition that "authentication is sufficient if it supports a finding that the matter in question is what its proponent claims"); *accord United States v. Shabazz*, 724 F.2d 1536, 1539 (11th Cir.1984).

In order to assist the court in deciding admissibility, Defendant proposes a hearing outside the presence of the jury so that the court may determine the circumstances under which the Spanish court's file came to contain adulterated / counterfeit documents and what other Spanish documents are similarly problematic. *See* Fed. Rule Evid. 104(c)(3) ("The court must conduct any hearing on a preliminary question so that the jury cannot hear it if: . . . justice so requires."). This procedure would allow the court to *voir dire* the government witnesses who purport to authenticate the foreign documents.

Undersigned previously communicated with AUSA Gonzalez who advised that the government opposes the relief requested.

                              Respectfully submitted,

RICHARD C. KLUGH, P.A.
40 N.W. 3rd Street, PH 1
Miami, Florida 33128
Tel. (305) 536-1191  Fax  (305) 536-2170
E-mail: klughlaw@gmail.com

 /s/  Richard C. Klugh
Richard C. Klugh, Esq.
Fla. Bar No. 305294

BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421 Fax (305) 358-2006
E-mail: HSrebnick@RoyBlack.com

 /s/ Howard Srebnick
Howard Srebnick, Esq.
Florida Bar No. 919063

## CERTIFICATE OF SERVICE

**I hereby certify** that I emailed an advance courtesy copy of this pleading to AUSA Tony Gonzalez before March 27, 2014.

 /s/ Howard Srebnick
Howard Srebnick, Esq.