UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20470-Cr-LENARD

UNITED STATES OF AMERICA

    Plaintiff,

v.

ALVARO LOPEZ TARDON,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO
EXCLUDE SPANISH DISCOVERY MATERIALS (DE:414)**

The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Defendant ALVARO LOPEZ TARDON's Motion in Limine to Exclude Spanish Discovery Materials (DE:414), and states as follows:

**INTRODUCTION**

On May 31, 2013, the Defendant filed a Motion to Suppress Wiretaps and All Evidence Derived Therefrom, claiming that the Spanish wiretaps in the instant case were conducted in violation of United States law, specifically Title III. (DE:305). On July 19, 2013, this Honorable Court held a hearing regarding the Defendant's Motion. (DE:356). At the hearing, the Honorable Jose Torres-Prieto, "Juez de Instrucción," or investigative magistrate judge from the "Juzgado De Instrucción No. 32 De Madrid" or 32nd Investigative Court of Madrid testified. (DE:356:15).[1] He was the judge who authorized the Spanish wiretaps in question.

During his cross-examination, Judge Torres-Prieto, was presented with Defendant's Exhibit 9 by the defendant and the following transpired:

---

[1] The relevant portions of Judge Torres-Prieto's testimony are attached as Exhibit "C".

> Q. Judge Torres, are you able to make any determination about the authenticity or your familiarity with that document?
>
> A. This has never been a part of my case. As the very first page states, there is a seal stamped on it which has actually been photocopied and it says, "This is a copy."
>
> ***This page corresponds to the first page of a copy of a police report whose original report may very well be or it could be included***, but it carries a series of modifications made afterwards…
>
> …
>
> So none of the identifiers on this document would support that these documents have ever been part of the official case file. ***To be specific, the manual numbering of each one of these pages, I also cannot acknowledge it as part of the investigation that I led.***

(DE:356:84-86) (emphasis added).

Earlier in his testimony, Judge Torres-Prieto elaborated and clarified what he meant by identifiers and manual numbering when he was presented with Defendant's Exhibit 8:

> …Among other things - - because what appears in my court file of the investigation, my documents bear an identification that makes it unquestionable. Among other things, it includes the manual number of each and every page.

(DE:356:80).

> Judge Torres-Prieto continued to testify regarding Defendant's Exhibit 9:
>
> THE COURT: So let me ask you: Was this document, Defendant's Exhibit 9, something that you utilized as part of your official investigation upon which the wiretap orders were issued regarding the 777 number or the 305 number for the Defendant, Alvaro Lopez Tardon?
>
> WITNESS: Frankly, Your Honor, it is impossible for me to give you an affirmative response, first of all because it doesn't seem to bear any sign of authenticity and secondly because the ***investigation and documentation thereof was compiled in a written form which is  - - comprises almost 200,000 pages. I cannot recall honestly whether this document could be a photocopy of a document that I did take into account and consider.***

(DE:356:88-89) (Emphasis added).

Based on this exchange, the Defendant filed the instant motion claiming that the "Spanish court's file was corrupt by 'counterfeit' documents" and as such, "there is reason to doubt that the wiretaps authorized by Spanish officials were properly reviewed, supported under Spanish law, and comported with the procedural requirements imposed by Spanish law."  (DE:414:2). Nothing could be further from the truth.

## ARGUMENT

The United States maintains that there were no irregularities in the procedure utilized by the Spanish courts.  The only error concerning the instant matter was when the Defendant showed Judge Torres-Prieto a draft copy of the document rather than the one that was actually contained in Judge Torres-Prieto's court file.  Specifically, as Judge Torres-Prieto indicated, Defendant's Exhibit 9, which is attached hereto as Exhibit "A," is stamped with "Es Copia," which, as he pointed out, means "this is a copy."  (DE:356:85).  Defendant's Exhibit 9 does not contain the stamp that states, "Juzgado De Instrucción No. 32 De Madrid" or 32nd Investigative Court of Madrid and is not manually numbered as Judge Torres-Prieto explained is the procedure for items submitted for his review and inclusion in his court file.

By contrast, attached as Exhibit "B," is a copy of the same document, in final form, copied directly from Judge Torres-Prieto's court file.  The Court should note that this document contains the stamp "Juzgado de Instrucción No. 32 de Madrid" and has hand written page numbers as Judge Torres-Prieto indicated would confirm to him that it is one of the 200,000 pages contained in his court file.[2]

---

[2] This document was turned over to Defendant in the United States Eighth Supplement Response to the standing discovery order on disk 19.

Compounding the error, the Defendant maintains that because Judge Torres-Prieto did not recognize the document that was presented to him at the hearing, then *all* of the Spanish documents must have been fabricated by the Spanish police and as such, they must all be suppressed. This non-sequitur cannot be the basis for exclusion of the Spanish evidence, particularly when there is no evidence of any document being fabricated.

Independent of this fact, which undermines the very foundation of the Defendant's motion, the Court should note that even if there were improprieties by the police in Spain in obtaining the wiretaps, "[t]here is nothing in the legislative history [of Title III] which requires that the government be precluded from using evidence that literally falls into its hands." United States v. Murdock, 63 F.3d 1391, 1403 (6th Cir. 1995). "[W]here…the government took no part in the interceptions…it is appropriate under the legislative history and the case law to apply a "clean hands" exception…" Id. at 1404.

Fundamentally however, there is simply no evidence that "the conduct of foreign officials in acquiring the [wiretaps was] so extreme that it shocks judicial conscience" and therefore warrants suppression as suggested in United States v. Getto, 729 F.3d 221 (2nd Cir. 2013). Indeed, there is no evidence of any impropriety on the part of any Spanish official much less one which would shock the Court's conscience.

Accordingly, because the document presented to Judge Torres-Prieto by the Defendant at the suppression hearing was neither adulterated nor forged but rather a draft that did not contain any authenticating markings, there is no basis to suppress or exclude any of the Spanish evidence.

WHEREFORE, the UNITED STATES OF AMERICA, respectfully requests that this Honorable Court deny the Defendant's Motion in Limine to Exclude Spanish Discovery Materials (DE:414).

Respectfully Submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s/ Juan Antonio Gonzalez , Jr.
JUAN ANTONIO GONZALEZ, JR
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 897388
11200 NW 20th Street
Miami, Florida 33172
Tel: (305) 715-7640 / 7653
Fax: (305) 715-7639
E-mail: Juan.Antonio.Gonzalez@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 7, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

By:  s/ Juan Antonio Gonzalez , Jr.
JUAN ANTONIO GONZALEZ, JR
ASSISTANT UNITED STATES ATTORNEY