DG:ja

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20470-CR-LENARD(s)(s)

UNITED STATES OF AMERICA,

vs.

ALVARO LOPEZ TARDON,

        Defendant.
_____/

**UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE AS TO PROPERTY BELONGING TO ALVARO LOPEZ TARDON**

The United States of America (hereinafter, the "United States" or the "Government"), hereby moves for the entry of a final order of forfeiture in this cause pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and in support thereof submits the following:

    1.    On July 1, 2014, the Court entered a preliminary order of forfeiture (D.E. 496) in this cause (hereinafter, the "Preliminary Order") forfeiting the following property to the United States pursuant to Title 18, United States Code, Section 982(a)(1):

        (a)    One 2008 Bugatti Veyron (VIN: VF9SA25C08M795118);

        (b)    One 2003 Ferrari Enzo (VIN: ZFFCW56A830133927);

        (c)    One 2009 Mercedes-Benz Maybach 57S (VIN: WDBVF79J89A002576);

        (d)    One 2011 Mercedez-Benz G55 AMG (VIN: WDCYC7BF8BX190896);

        (e)    One 2010 Mercedes-Benz G55K (VIN:WDCYC7BF8AX183252);

        (f)    One 2010 Land Rover Range Rover (VIN: SALMF1E48AA327736);

(g) Real property known and numbered as 2475 S. Bayshore Drive, Villa 3, Coconut Grove, FL 33133, together with all appurtenances, improvements and attachments thereon, and which is more particularly described as follows:

A portion of Lots 3 through 8, inclusive, in Block 38, of SAMUEL RHODE'S AMENDED MAP OF NEW BISCAYNE, according to the Plat thereof, recorded in Plat Book B, at Page 16, of the Public Records of Dade County, Florida now known as Miami-Dade County, Florida, hereinafter referred to as the parent tract, being more particularly described as follows:
Commence at the most Westerly corner of said parent tract; thence South 87 50'04" East for 212.74 feet to the point of beginning of the following parcel of land; thence North 89 47'06" East for 21.4 feet; thence North 0 12'54" West for 20.6 feet; thence South 89 47'06" West for 2.5 feet; thence North 8 12'54" West for 37.2 feet; thence South89 47'06" West for 6.8 feet; thence North 0 12'54" West for 7.5 feet; thence North 45 12'54" West for 17.4 feet; thence South 89 47'06" West for 8.2 feet; thence South 0 12'54" East for 8.8 feet; thence South 89 47'06" West for 21.3 feet; thence South 0 12'54" East for 40.1 feet; thence South 46 42'12" East for 23.1 feet; thence North 89 47'06" East for 8.6 feet; thence South 0 12'54" East for 8.5 feet; thence North 89 47'06" East for 4.4 feet; thence South 0 12'54" East for 4.3 feet, to the point of beginning, lying in the City of Miami, Miami-Dade County, Florida. The last sixteen courses were along the exterior face of a C.B.S. wall or its projection.

Legal Description of Limited Common Area for Villa 3:
A portion of Lots 3 through 8, inclusive, in Block 38, of SAMUEL RHODE'S AMENDED MAP OF NEW BISCAYNE, according to the Plat thereof, recorded in Plat Book B, at Page 16, of the Public Records of Dade County, Florida now known as Miami-Dade County, Florida, hereinafter referred to as the parent tract, being more particularly described as follows:
Commence at the most Westerly corner of said parent tract; thence South 87 50'04" East for 212.74 feet to the point of beginning of the following parcel of land; thence North 89 47'06" East for 21.4 feet; thence North 0 12'54" West for 20.6 feet; thence South 89 47'06" West for 2.5 feet; thence North 0 12'54" West for 25.1 feet [the last four courses were along the exterior face of a C.B.S. wall or its projection]; thence North 89 47'06" East for 14.9 feet; thence North 0 12'54" West for0 12'54" West for 2.2 feet; thence North 45 12'54"

>   West for 71.9 feet; thence South 0 12'54" East for 0.15 feet; thence South 89 47'06" West for 12.0 feet; thence South 0 12"54" East for 25.7 feet; thence South 89 47'06" West for 0.7 feet; thence South 0 12'54" East for 44.2 feet; thence South 46 42' 12" East for 23.1 feet; thence North 89 47' 06" East for 8.6 feet; thence South 0 12' 54" East for 8.5 feet; thence North 89 47'06" East for 4.4 feet; thence South 0 12'54" East for 4.3 feet to the point of beginning, less those lands described by legal description of Villa 3, lying in the City of Miami, Miami-Dade County, Florida.  The last eight courses were courses were along the exterior face of a C.B.S. wall or its projection.
>
>   a/k/a Villa 3, 2475 South Bayshore Drive, Coconut Grove, FL 33133-4739
>
>   Parcel Identification Number: 01-4122-017-0030

    (h)    Real property known and numbered as 100 S. Pointe Drive, Unit #3801, Miami Beach, FL 33139, together with all appurtenances, improvements and attachments thereon, and which is more particularly described as follows:

>   Condominium Parcel No. 3801 in CONTINUUM ON SOUTH BEACH CONDOMINIUM, THE SOUTH TOWER, according to the Declaration thereof, recorded November 20, 2002, under Clerk's File No. 02R-724522 in Official Records Book 20817, Page 656, of the Public Records of Miami-Dade County, Florida, as amended and/or supplemented from time to time;

    (i)    All principal, deposits, interest, dividends and other amounts credited to account number 229037949711 at Bank of America, N.A., in the name of Alvaro Lopez Tardon (collectively hereinafter, the "Property").[1]

    2.    On July 15, 2014, the United States published notice of the Preliminary Order and of its intent to dispose of the Property in accordance with Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4)(a)(iv)(C) of

---

[1] The Preliminary Order also lists two other bank accounts: account number 229016239866 at Bank of America, N.A. and account number 1100002143680 at Branch Banking and Trust (BB&T), f/k/a Colonial Bank.  The United States will seek final forfeiture of these accounts separately.

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3.   On September 17, 2014, the United States filed its Declaration of Publication (D.E. 592) with the Clerk of the Court asserting that the Preliminary Order was published on an official government internet site (www.forfeiture.gov), consistent with Title 21, United States Code, Section 853(n)(1) and Rule 32.2(b)(6)(D) of the Federal Rules of Criminal Procedure, for at least thirty (30) consecutive days, beginning on July 15, 2014, and ending on August 13, 2014.

4.   The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the real property known and numbered as 2475 S. Bayshore Drive, Villa 3, Coconut Grove, FL 33133 as follows:

> (a)   Longview Villas Owners Association, Inc. (hereinafter, "Longview Villas")
> c/o Robert I. Targ
> 100 SE 2nd Street, 3400 Miami Tower
> Miami, Florida 33131

Notice was sent to Longview Villas at the above address on November 17, 2014, and was delivered on November 18, 2014, as indicated by return receipt (*see* **Exhibit 1**).

On December 9, 2014, Longview Villas filed a petition (D.E. 632) with the Court claiming a property interest in the real property in the amount of $48,437.18 (US), related to the defendant's failure to pay maintenance assessments, interest, fees and costs.

On February 2, 2015, the Court adopted the Report and Recommendation (D.E. 659) of the Magistrate Court regarding Longview Villas petition and directed that the Government's Final Order of Forfeiture include its obligation to pay Longview Villas any fees, interest, penalties, etc., lawfully owed to Longview Villas as a result of the defendant's failure to pay maintenance assessments, etc., with respect to the real property.

5. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the real property known and numbered as 100 S. Pointe Drive, Unit #3801, Miami Beach, FL 33139 as follows:

    (a) Continuum 3801, LLC
        c/o Richard C. Klugh, P.A.
        Courthouse Center, Penthouse One
        40 Northwest, Third Street
        Miami, Florida 33132

Notice was sent to Continuum 3801, LLC, c/o Richard C. Klugh, at the above address on November 17, 2014, and was delivered on November 18, 2014, as indicated by return receipt (*see* **Exhibit 2**).

    (b) South Pointe Holdings, LLC
        c/o, Phillip Sylvester
        3801 Collins Avenue, #606
        Miami Beach, Florida 33140

Notice was sent to South Pointe Holdings, LLC, c/o Phillip Sylvester, at the above address on November 17, 2014, and was delivered on November 18, 2014, as indicated by return receipt (*see* **Exhibit 3**).

6. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2008 Bugatti Veyron (VIN: WDBVF79J89A002576) as follows:

    (a) Artemio Lopez Tardon or Maria Tardon Torrego
        c/o Richard C. Klugh, P.A.
        Courthouse Center, Penthouse One
        40 Northwest Third Street
        Miami, Florida 33128

Notice was sent to Artemio Lopez Tardon or Maria Tardon Torrego, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 4**).

7. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2003 Ferrari Enzo (VIN: ZFFCW56A830133927) as follows:

> (a) Artemio Lopez Tardon or Maria Tardon Torrego
> c/o Richard C. Klugh, P.A.
> Courthouse Center, Penthouse One
> 40 Northwest Third Street
> Miami, Florida 33128

Notice was sent to Artemio Lopez Tardon or Maria Tardon Torrego, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 5**).

8. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2009 Mercedes-Benz Maybach 57S (VIN: WDBVF79J89A002576) as follows:

> (a) Artemio Lopez Tardon or Maria Tardon Torrego
> c/o Richard C. Klugh, P.A.
> Courthouse Center, Penthouse One
> 40 Northwest Third Street
> Miami, Florida 33128

Notice was sent to Artemio Lopez Tardon or Maria Tardon Torrego, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 6**).

9. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2011 Mercedes-Benz G55 AMG (VIN: WDCYC7BF8BX190896) as follows:

   (a) Artemio Lopez Tardon
   c/o Richard C. Klugh, P.A.
   Courthouse Center, Penthouse One
   40 Northwest Third Street
   Miami, Florida 33128

Notice was sent to Artemio Lopez Tardon, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 7**).

10. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2010 Mercedes-Benz G55K (VIN: WDCYC7BF8AX183252) as follows:

    (a) Artemio Lopez Tardon or Maria Tardon Torrego
    c/o Richard C. Klugh, P.A.
    Courthouse Center, Penthouse One
    40 Northwest Third Street
    Miami, Florida 33128

Notice was sent to Artemio Lopez Tardon or Maria Tardon Torrego, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 8**).

11. The United States sent direct notice of the Preliminary Order to all persons or entities known to have a potential legal interest in the 2010 Land Rover Range Rover (VIN: SALMF1E48AA327736) as follows:

    (a) Artemio Lopez Tardon or Maria Tardon Torrego
    c/o Richard C. Klugh, P.A.

      Courthouse Center, Penthouse One
      40 Northwest Third Street
      Miami, Florida 33128

  Notice was sent to Artemio Lopez Tardon or Maria Tardon Torrego, c/o Richard C. Klugh, at the above address on January 14, 2015, and was delivered on January 15, 2015, as indicated by return receipt (*see* **Exhibit 9**).

  12. On February 14, 2014, the time for filing a petition for the Property with the Court expired in this cause pursuant to Title 21, United States Code, Section 853(n)(2).

  13. As of the date of the filing of this motion, no person or entity has filed a petition for the Property with the Court in accordance with Title 21, United States Code, Section 853(n)(2), other than Longview Villas, and the United States is not aware of any person or entity that has a potential interest of record in the Property and has not been given proper notice as required by law.

  **WHEREFORE**, the United States respectfully requests that the Court enter a final order of forfeiture which confirms that all right, title and interest in the Property, is forfeited to, and vested in, the United States, pursuant to Title 18, United States Code, Section 982(a)(1).

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

  By: s/ Daren Grove
     Daren Grove (Court No. A5501243)
     Assistant United States Attorney
     E mail: daren.grove@usdoj.gov
     99 NE 4th Street – 7th Floor
     Miami, Florida 33132-2111
     Telephone: 305-961-9294
     Facsimile: 305-536-4089

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                              s/ Daren Grove
                                              Daren Grove
                                              Assistant United States Attorney