UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20470-Cr-Lenard/Goodman(s)(s)

UNITED STATES OF AMERICA,

vs.

ALVARO LOPEZ TARDON,

    Defendant.
_____/

re:

MIAMARK LLC and MURANO 908 LLC,

    Petitioners,

and

KYTE SCHOOLL (a Spanish corporation),
THE COLLECTION MOTOR SPORTS MADRID
(a Spanish corporation), MARIA TARDON TORREGO, and
ARTEMIO LOPEZ TARDON,

    Petitioners.
_____/

**MOTION TO WITHDRAW REFERENCE TO MAGISTRATE
AND MEMORANDUM IN SUPPORT THEREOF**

INTRODUCTION

    The UNITED STATES OF AMERICA (hereinafter, the "United States" or the "Government"), hereby respectfully files this motion requesting that the District Court withdraw its reference to the Magistrate Court of this ancillary proceeding solely with respect to the hearing that is to be convened, pursuant to 21 U.S.C. § 853(n), on the petitions (D.E. 623, D.E. 637, and D.E. 631, D.E. 638). The Government respectfully

moves the District Court to grant the relief sought herein in order to avoid unnecessary duplication of substantial effort and to expedite a final resolution of this ancillary proceeding.

## RELEVANT PROCEDURAL HISTORY

1.    A federal grand jury sitting in the United States District Court for the Southern District of Florida returned a fourteen (14)-count second superseding indictment on May 29, 2012 (D.E. 203)(hereinafter, the "Second Superseding Indictment") charging the defendant, Alvaro Lopez Tardon, with certain money laundering offenses. The Second Superseding Indictment includes criminal forfeiture allegations that list specific property that would be subject to criminal forfeiture upon the defendant's conviction.

2.    The defendant's criminal trial began on May 1, 2014, and ended on June 11, 2014, when the petit jury empaneled in the case returned its Verdict (D.E. 484) finding the defendant guilty of all of the violations charged in the Second Superseding Indictment. The Government presented eighteen separate witnesses, some of whom testifying multiple times, and offered approximately two hundred forty (240) exhibits for either admission in evidence or for demonstrative purposes.

3.    June 12, 2014, following the return of its Verdict, the jury was retained, pursuant to Fed. R. Crim. P. 32.2(b)(5), to determine the forfeitability of the specific property listed in the Second Superseding Indictment. Upon conclusion of that forfeiture proceeding and subsequent deliberation, the same petit jury returned its Special Verdict (D.E. 487) finding that the Government established the requisite nexus between certain, but not all, of the specific property listed in the Forfeiture Allegations of the Second Superseding Indictment and the offenses committed by the defendant. The jury found that

six automobiles, two dwellings, and three bank accounts were either involved in or traceable to property involved in the money laundering offenses of which the defendant was found guilty. However, the jury did <u>not</u> find that the Government established the requisite nexus between the following specific property and the offenses committed by the defendant:

(a)  One (1) 2010 Rolls-Royce Ghost (VIN: SCA664S50AUX48905) (hereinafter, the "**Rolls-Royce**");

(b)  One (1) 2006 Mercedes-Benz SLR McLaren (VIN: WDDAJ76F06M000724) (hereinafter, the "**Mercedes-Benz**");

(c)  The real property known and numbered as 1155 Brickell Bay Drive, #202, Miami, FL 33131, with all appurtenances, improvements and attachments thereon (hereinafter, "**Unit 202**");

(d)  The real property known and numbered as 1155 Brickell Bay Drive, #502, Miami, FL 33131, with all appurtenances, improvements and attachments thereon (hereinafter, "**Unit 502**");

(e)  The real property known and numbered as 1155 Brickell Bay Drive, #2703, Miami, FL 33131, with all appurtenances, improvements and attachments thereon (hereinafter, "**Unit 2703**");

(f)  The real property known and numbered as 1000 S Pointe Dr., Unit #908, Miami Beach, Florida 33139, with all appurtenances, improvements and attachments thereon (hereinafter, "**Unit 908**");

(g)  Eight (8) watches (collectively hereinafter, the "**Watches**"):

(1)  one (1) Audemars Peguet - black/silver with blue face;

3

    (2)  one (1) Audemars Peguet - black/silver with white face;

    (3)  one (1) Audemars Peguet - black/blue face;

    (4)  one (1) Audemars Peguet - white/red face;

    (5)  one (1) Audemars Peguet Ltd Edition 93/150-blue/white & red face;

    (6)  one (1) Royal Offshore - red/black/yellow face, Ltd Ed 724/150;

    (7)  one (1) Royal Oak Offshore Grand Prix - copper/black; and

    (8)  one (1) Royal Oak Offshore Ltd Edition Juan P. Montoya – black/blue/white; and

(collectively hereinafter, the "Substitute Assets").

  4.  On October 22, 2014, the Court (Lenard, J.) ordered the forfeiture of the Substitute Assets,[1] *see* Order (D.E. 601), except for the Rolls-Royce, which was to be released to the defendant so he could satisfy his outstanding legal fees. Subsequently, the Court entered its Amended Order of Forfeiture of Substitute Property (D.E. 613)(hereinafter, the "Amended Order"), which ordered the forfeiture of the Substitute Assets, including the Rolls-Royce, and directed the release to the defendant of funds derived from the interlocutory sale of Unit 202 to pay the defendant's outstanding legal fees.

---

[1] One diamond holder with eight (8) diamonds and seven (7) miscellaneous items of jewelry belonging to the defendant were also ordered to be forfeited as substitute property, however, they are not listed among the Substitute Assets as no claim of superior right, title or interest in them has been filed.

4

5. After entry of the Amended Order, the Government published notice of the order and sent direct notice to persons/entities who ostensibly appear to be a potential claimant to the Substitute Assets.

6. Subsequent to published and direct notice of the Amended Order, third-party petitions claiming an interest in the Substitute Assets were filed pursuant to 21 U.S.C. § 853(n):

(a) On December 2, 2014, the Petitioners, Miamark, LLC and Murano 908, LLC filed their joint Petition to Assert Third-Party Interest in Forfeited Property (D.E. 623) (hereinafter, the "Miamark/Murano Petition"), and on December 14, 2014, the Petitioners filed their joint Supplemental Petition Asserting Third-Party Interest in Forfeited Property (D.E. 637) (hereinafter, the "Miamark/Murano Supplemental Petition"). The Miamark/Murano Petition and Miamark/Murano Supplemental Petition (collectively hereinafter, the "M/M Petition") claim, essentially, the following:

(1) Miamark, LLC, and not the defendant, Alvaro Lopez Tardon, owns Units 202, 502 and 2703. Miamark, LLC is a Florida limited liability company that is purportedly owned by Artemio Lopez Tardon, who is the defendant's brother and an indicted co-defendant in the underlying criminal case, Maria Tardon Torrego, who is the convicted defendant's mother, and Nieves Tardon Torrego, who is the defendant's sister. Additionally, the M/M Petition claims that the defendant was/is merely an officer-manager of Miamark, LLC; and

(2) Murano 908, LLC, and not the defendant, Alvaro Lopez Tardon, owns Unit 908. Murano 908, LLC is a Florida limited liability company that is likewise purportedly owned by Artemio Lopez Tardon, Maria Tardon Torrego, and

Nieves Tardon Torrego. Similarly, the M/M Petition claims that the defendant was/is merely an officer-manager of Murano 908, LLC.

The Government's position is that all of the property forfeited in the Amended Order is actually owned by the defendant and that Miamark, LLC and Murano 908, LLC are the defendant's "alter egos," and that the M/M Petition should, therefore, be denied. *See United States v. BCCI Holdings (Luxembourg) S.A. (Petition of ICIC Investments)*, 795 F. Supp. 477, 479 (D.D.C. 1992) (assets of corporation that was alter ego of defendant are subject to forfeiture); *see also United States v. Segal*, 339 F. Supp. 2d 1039, 1050 n.14 (N.D. Ill. 2004) (property held in the name of defendant's corporation may be forfeited if defendant's conduct justifies piercing the corporate veil).

(b) On December 7, 2014, the Petitioners, Kyte Schooll (a Spanish corporation), The Collection Motor Sport of Madrid (a Spanish corporation), Maria Tardon Torrego, and Artemio Lopez Tardon, filed their joint Petition to Assert Third-Party Interest in Forfeited Property (D.E. 631) (hereinafter, the "Kyte Schooll Petition") and on December 14, 2014, filed their joint Supplemental Petition Asserting Third-Party Interest in Forfeited Property (D.E. 638) (hereinafter, the "Kyte Schooll Supplemental Petition"). The Kyte Schooll Petition and Kyte Schooll Supplemental Petition (collectively hereinafter, the "Kyte Petition") claim, essentially, the following:

(1) The defendant's mother, Maria Tardon Torrego, and his brother, Artemio Lopez Tardon, and not the defendant, own the Rolls-Royce and Mercedes-Benz, not the defendant;

(2) The Collection Motor Sport of Madrid (a Spanish corporation), and not the defendant, owns the Watches.

6

The Government's position is that all of the property forfeited in the Amended Order is actually owned by the defendant and that other individuals and purported business entities claiming an ownership interest in these properties are either nominees and/or the defendant's "alter ego," and that the The Kyte Petition should, therefore, be denied.

7. On December 4, 2014, the District Court referred the M/M Petition to the Magistrate Court (*see* Endorsed Order (D.E. 629)).

8. On January 30, 2015, the District Court referred the The Kyte Petition to the Magistrate Court (*see* Endorsed Order (D.E. 667)).

9. On February 18, 2015, the Magistrate Court conducted a status conference on the M/M Petition and the Kyte Petition and then entered its Order Specially Setting Civil Bench Trial and Pretrial Schedule for Petitions Asserting Third-Party Interest in Forfeited Property (D.E. 676) (hereinafter, the "Scheduling Order").

10. The Scheduling Order sets, among other things, the discovery deadline for May 19, 2015, and sets the hearing on the M/M Petition and Kyte School Petition for Monday, September 14, 2015 at 10:00 a.m.

ARGUMENT

**A HEARING BEFORE THE DISTRICT COURT ON THE M/M PETITION AND THE KYTE PETITION WILL AVOID A DUPLICATION OF SUBSTANTIAL EFFORT AND WILL EXPEDITE A FINAL RESOLUTION OF THIS ANCILLARY PROCEEDING**

Section 636(b)(1)(B) of Title 28 of the United States Code provides, essentially, that "a [district court] judge may [] designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the [district] court proposed findings of fact and recommendations for the disposition, by the judge of the [district] court . . ." Additionally, within 14-days of being served with a copy of the magistrate court's findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations" 28 U.S.C. § 636(b)(1). If written objections are served and filed as prescribed, then "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

It is apparent now that discovery in this ancillary proceeding is completed, that a hearing on the M/M Petition and The Kyte Petition will involve the parties relying heavily, perhaps for some issues exclusively, on the relevant portions of the vast and cumbersome record in the underlying criminal case in support of their respective positions. The reason for this relates to the respective positions of the parties as to the actual ownership of the Substitute Assets being claimed in this ancillary proceeding. It is the Government's position that the Substitute Assets being claimed are actually owned by the defendant rather than the Petitioners. That is to say, the Petitioners (i.e., The Collection Motor Sport of Madrid (a Spanish corporation), Miamark, LLC, and Murano

908, LLC) were/are merely the "alter ego" of the defendant, Alvaro Lopez Tardon, or, with respect to the defendant's mother and brother, a mere nominee.  Indeed, it is the Government's position that there are no actual third-parties in this ancillary proceeding. The vast majority of the evidence rebutting a claim of superior ownership by a purported third-party (i.e., the Petitioners) is found in the record of the criminal case, which is vast and includes pre-trial suppression hearings, a seven-(7)-week criminal trial, a two-(2)-day bifurcated forfeiture proceeding, and a four (4)-day sentencing hearing, the relevant portions of which "shall" be considered at the hearing in this ancillary proceeding. *See* 21 U.S.C. § 853(n)(5).

If the Magistrate Court conducts the hearing in this ancillary proceeding, then it is certain that the non-prevailing party(ies) will serve and file objections to the Magistrate Court's findings and recommendations, which will then require the District Court to make a de novo determination of the portions of the report and recommendation that pertains to the objections. *See* 28 U.S.C. § 636(b)(1).

This certain future scenario will necessarily involve the parties presenting and/or arguing before the Magistrate Court at a hearing, and then re-presenting and re-arguing before the District Court through written objections/responses/replies, the relevant portions of an extensive record in the underlying criminal case. This will result in an unnecessary duplication of effort that involves by all accounts a "substantial amount of work." Order (Goodman, J.)(D.E. 676: 10).

This inevitable duplication of effort can be avoided if the relief sought herein is granted. If the District Court withdraws its reference of this ancillary proceeding solely with respect to the hearing on the M/M Petition and the Kyte Petition, the parties will be

required to present and/or argue the relevant portions of the record in the underlying criminal case only once. This will prevent an obvious duplication of substantial effort and will expedite the final resolution of this ancillary proceeding as the District Court will not be required to subsequently review a report and recommendation, along with the parties objections, responses and replies to those responses.

Furthermore, a hearing before the District Court will be more efficient as it is intimately familiar with the underlying record of the criminal case given that it presided over all of the pre-trial hearings, the criminal trial, the bifurcated forfeiture proceeding, and the sentencing hearing in the criminal case. This provides a distinct advantage beyond mere familiarity with the record of the criminal case as the District Court observed in-person all of the testimony elicited and evidence admitted in the criminal case and can therefore be a more informed fact-finder, especially with respect to determining the veracity, or lack thereof, of the testimony. *See United States v. 1998 BMW "I" Convertible,* 235 F.3d 397, 400 (8th Cir.2000) (citing *Goldberg v. Kelly,* 397 U.S. 254, 269, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)) ("[J]udges simply cannot decide whether a witness is telling the truth on the basis of a paper record and must observe the witnesses' demeanor to best ascertain their veracity-or lack thereof.").

CONCLUSION

For the reasons set forth herein, the Government respectfully requests that the District Court withdraw its reference of this ancillary proceeding solely with respect to the hearing that is to be convened pursuant § 853(n) on the M/M Petition and the Kyte Petition in order to avoid unnecessary duplication of substantial effort and to expedite final resolution of this ancillary proceeding.

S.D. Fla. L.R. 7.1
CERTIFICATION

The undersigned has conferred with all parties who may be affected by the relief sought in the instant motion, and was advised by the Petitioners' counsel, Mr. Richard Klugh, Esquire, that he requires additional time to review the instant motion and to provide the Petitioners' position with respect to the relief sought herein.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/Daren Grove*
_____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 NE 4th Street - 7th Floor
Miami, Florida  33132
Telephone: (305) 961-9294
Facsimile:  (305) 536-7599

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Daren Grove*
_____
Daren Grove
Assistant United States Attorney