UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20470-Cr-Lenard

UNITED STATES OF AMERICA,

vs.

ALVARO LOPEZ TARDON,

   Defendant.
_____/

re:

MIAMARK LLC and MURANO 908 LLC,

   Petitioners,

and

KYTE SCHOOLL (a Spanish corporation),
THE COLLECTION MOTOR SPORTS MADRID
(a Spanish corporation), MARIA TARDON TORREGO, and
ARTEMIO LOPEZ TARDON,

   Petitioners.
_____/

## UNITED STATES' MOTION FOR INQUIRY REGARDING POTENTIAL CONFLICT

The UNITED STATES OF AMERICA (hereinafter, the "United States" or the "Government"), respectfully moves for inquiry into a potential conflict in regard to the potential that counsel for Petitioner Murano 908, LLC (hereinafter, "Murano 908, LLC") may become a fact witness in the ancillary proceeding. In support of its request for inquiry, the Government states the following:

1

1. On July 14, 2011, Alvaro Lopez Tardon, the lead defendant in the underlying criminal case, was arrested.

2. On July 20, 2011, Richard C. Klugh, Esquire, filed with the Court a Notice of Temporary Appearance as Counsel in the underlying criminal case. Mr. Klugh represented the defendant, along with co-counsel, throughout his criminal case, to include sentencing.

3. On August 11, 2011, the defendant executed a General Power of Attorney and appointed Mr. Klugh to act as his lawful attorney-in-fact (hereinafter, the "POA"). The POA was subsequently filed with the Court on January 13, 2014, in connection with the interlocutory sale of 1155 Brickell Bay Drive, Unit 202, Miami, Florida 33131. *See* **Exhibit A** to Joint Supplement to Motion for Court Approval of Stipulation to Sell Property Alleged to be Subject to Forfeiture (D.E. 406).

4. On October 22, 2014, the Court entered its Order (D.E. 601) forfeiting, among other assets, the real property located at 1000 S Pointe Dr., Unit 908, Miami Beach, Florida 33139 (hereinafter, "Unit 908") as substitute property.

5. On December 2, 2014, Mr. Klugh filed a petition (D.E. 623) with the Court on behalf of Murano 908, LLC claiming an interest in Unit 908. The petition claims, among other things, that Unit 908 is owned by Murano 908, LLC, which is purportedly owned by the defendant's family members who live in Spain. The petition claims that the defendant does not have any ownership interest in Murano 908, LLC.

6. In preparation for its defense of the claim of ownership made by Murano 908, LLC, the Government has been made aware that Mr. Klugh used the POA and the authority it grants to directly negotiate with the Lakes LLP the terms of a lease/option to purchase regarding Unit 908. The General Partner of The Lakes LLP during these negotiations was Mr. William

Weisman. The attorney representing The Lakes LLP during these negotiations was Mr. Robert Elias, Esquire.

7. The Government intends to call both Mr. Weisman and Mr. Elias as witnesses in the ancillary proceeding to rebut the claim of ownership of Unit 908 by Murano 908, LLC. Specifically, the Government's rebuttal case will center on evidence showing that Murano 908, LLC acted as the mere "alter ego" of Alvaro Lopez Tardon.

8. The Government expects to elicit testimony from Mr. Weisman relating to representations made to him by Mr. Klugh as to Mr. Klugh's "client" in the negotiations or discussions over the lease/option to purchase Unit 908.

9. Additionally, the Government expects to elicit testimony from Mr. Elias relating to representations made to him by Mr. Klugh as to the ownership of Murano 908, LLC in the negotiations or discussions over the lease/option to purchase Unit 908.

10. Mr. Klugh's direct involvement in the negotiation and/or discussion of the lease/option to purchase Unit 908 and the expected testimony of Mr. Weisman and Mr. Elias has the potential to make Mr. Klugh a fact witness in the ancillary proceeding.

WHEREFORE, the United States respectfully moves for inquiry into a potential conflict in regard to the possibility that counsel appearing on behalf of Murano 908, LLC may become a fact witness in the ancillary proceeding.

S.D. Fla. L.R. 7.1
CERTIFICATION

The undersigned conferred with the Petitioners' counsel, Mr. Richard Klugh, Esquire, prior to filing this Motion for Inquiry Regarding Potential Conflict. Mr. Klugh relayed that the Petitioners' position as being that pending a deposition of Mr. Weisman and Mr. Elias to establish a record of their proposed testimony, the Petitioners oppose the relief sought herein.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s/*Daren* Grove
_____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 NE 4th Street - 7th Floor
Miami, Florida  33132
Telephone: (305) 961-9294
Facsimile:  (305) 536-7599

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/*Daren* Grove
_____
Daren Grove
Assistant United States Attorney