UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-20470-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA,

v.

ALVARO LOPEZ TARDON,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS ON UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE OF SUBSTITUTE ASSETS [ECF NO. 839]**

The United States filed a motion for final order of forfeiture of substitute assets pursuant to Fed. R. Crim. P. 32.2(c)(2). [ECF No. 839]. United States District Judge Joan Lenard referred the motion to the Undersigned. [ECF No. 843]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant** the United States' motion.

On October 30, 2014, the Court entered its Amended Order of Forfeiture of Substitute Property [ECF No. 613] (the "Preliminary Order") in which the following property was ordered forfeited, among other property, to the United States:[1]

    (a) One (1) diamond holder, with eight (8) diamonds;

---

[1] The Vehicles and Real Property forfeited in the Preliminary Order are still pending in an ancillary proceeding, which is set for a two-day evidentiary hearing beginning on February 19, 2019. [ECF No. 838]. Therefore, these assets are not addressed here.

    (b) Seven (7) miscellaneous items of jewelry:

        (1) one (1) silver bracelet chain;

        (2) one (1) chain with ivory tusk;

        (3) one (1) gold/silver color bracelet;

        (4) gold/silver color necklace;

        (5) cheetah print tusk;

        (6) gold/black watch with diamond Cartier; and

        (7) extra link.

(collectively, the "Substitute Property").

On November 11, 2014, the United States published notice of the Preliminary Order and of its intent to dispose of the Substitute Property on an official internet government forfeiture site (www.forfeiture.gov), in accordance with 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(c). The published notice stated the United States' intent to forfeit all right title and interest in, and to dispose of, the Substitute Property, and advised all third parties, if any, of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the Property and set forth the requirement that anyone seeking to claim an interest in the Substitute Property must file a petition in accordance with 21 U.S.C. § 853(n)(3) within thirty days after the earlier of the final date of publication of the notice or the receipt of actual notice.

On December 22, 2014, the United States filed its Declaration of Publication with the Clerk of the Court in which it declared that the Preliminary Order was published for at least thirty consecutive days, beginning on November 11, 2014, and ending on December 11, 2014, as required by applicable law and rules. [ECF No. 650].

As of this date, no person or entity has filed a petition claiming an interest in the Substitute Property with the Court, nor is the United States aware of any person or entity known to have a legal interest in the Substitute Property that has not been given notice of the Preliminary Order and of the United States' intent to dispose of the Substitute Property as required by applicable law and rules.

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** the United States' Motion for Final Order of Forfeiture of Substitute Assets. [ECF No. 839] and hold that:

1. All right, title and interest in the Substitute Property is forfeited to, and clear title vested in, the United States pursuant to 21 U.S.C. §§ 853(p) and (c)(7);

2. The United States may warrant good title to the Substitute Property forfeited herein to any subsequent purchaser or transferee; and

3. The United States Marshals Service or the United States Department of the Treasury, or any other duly authorized law enforcement agency,

shall dispose of the Substitute Property forfeited herein in accordance with the applicable law and rules.

**OBJECTIONS**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Joan Lenard. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, Miami, Florida, on January 28, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan Lenard
All counsel of record